See also D.C., 334 F.Supp. 1216.

**Lester STACY, Plaintiff,**

v.

**The AETNA CASUALTY & SURETY COMPANY, Defendant.**

**No. EC 7161-S.**

United States District Court,
N. D. Mississippi, E. D.

July 24, 1972.

William S. Lawson, Tupelo, Miss., John L. Long, Tupelo, Miss., for plaintiff.

14. 339 F.Supp. 874–876.

W. P. Mitchell and Jess Rogers, of Mitchell, Rogers & Eskridge, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The Court, on the return of the special verdict with interrogatories by the jury, entered, on June 5, 1972, a judgment in this action in favor of plaintiff and against defendant for the sum of $43,750 with interest and costs.

The plaintiff, on June 7, 1972, filed a motion under Rule 59(e) F.R.Civ.P., requesting the court to alter or amend the judgment to conform with the verdict of the jury.

At the conclusion of the evidence, the court required the jury to return only a special verdict in the form of a special written finding upon each issue of fact involved in the trial of the case, as authorized by Rule 49(a) F.R.Civ.P.

The court submitted to the jury for its consideration four issues of fact.

First, the jury was requested to determine whether defendant exercised the care of a reasonably careful and prudent person in the performance of the undertaking assumed by it to perform a safety inspection and consultation service for plaintiff's employer, and, if the jury found that defendant did not exercise such care in the performance of that service, whether its failure to do so, proximately caused or contributed to plaintiff's injuries. The jury found that defendant failed to exercise such care in the performance of the service and that its failure to do so proximately contributed to plaintiff's injuries.

Next, the jury was requested to determine whether plaintiff at the time he entered the ice room where the injury occurred, knew that the room was not a safe place within which to work and appreciated the fact that he was liable to be injured at any time, so long as the conditions continued to exist and he remained in the room. The jury found that when plaintiff entered the room to perform his work he was not cognizant of nor did he appreciate the fact that the conditions and circumstances existing in the room were such that he was liable to be injured, at any time, if he remained in the room and engaged in the performance of the work required of him.

The third issue of fact submitted to the jury for its determination was whether plaintiff exercised reasonable care for his own safety when he entered the room and began his work. In the event the jury found that plaintiff did not exercise such care, the jury was requested to determine the percentage of the entire negligence causing the injury attributable to plaintiff. The jury found that plaintiff did not exercise reasonable care for his own safety and fixed his contributory negligence at fifty percent of the entire negligence proximately causing the injury.

The fourth and final issue submitted to the jury was what amount of money in dollars and cents would fully compensate plaintiff for the damages suffered by him as the result of his injury. The jury fixed this amount at $87,500.

When the verdict was announced, and, after it had been determined that the verdict was unanimous, the court asked counsel, whether the court should poll the jury. Counsel for both parties stated that a poll of the jury was not requested. The jury was then discharged. After the release of the jury, the court announced that, in view of the verdict, the clerk would be instructed to enter a judgment in favor of plaintiff and against the defendant for the sum of $43,750, or fifty percent of the award.

Shortly after this announcement was made, counsel for plaintiff notified the court in chambers that they were reliably informed that the jury fixed the award of $87,500, after taking into consideration plaintiff's contributory negligence, and that it was the intention of the jury that plaintiff recover from de-

fendant the entire amount of the award. Subsequently, the motion now before the court was filed by counsel for plaintiff seeking the alteration and amendment of the judgment to conform to the verdict of the jury.

At a later day in the term, the court placed the jury in the jury box. The court, with the parties and their counsel, retired to chambers where each juror was questioned, under oath, out of the presence of the other jurors, in regard to the award.

Defendant objected to this procedure but the court overruled the objection, finding, as a fact, that justice required such action. Defendant's ground for objection was based upon the familiar rule that a juror may not be heard to contradict or impeach his own verdict. This is unquestionably the general rule, but there are exceptions. The Supreme Court in McDonald v. Pless, 238 U.S. 264, 268, 269, 35 S.Ct. 783, 785, 59 L.Ed. 1300 (1915) said, "[b]oth of these decisions [United States v. Reid, 12 How. 361, 53 U.S. 361, 13 L.Ed. 1023; Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917] recognize that it would not be safe to lay down any inflexible rule because there might be instances in which such testimony of the juror could not be excluded without 'violating the plainest principles of justice' ".

Counsel for plaintiff contend that the motion to alter or amend the judgment does not involve an attempt to contradict the verdict, but rather an effort to determine the intent of the jury and enter judgment accordingly.

The controversy centers around the intention of the jury when arriving at the amount to be awarded plaintiff in full compensation for his injuries. Plaintiff contends that the jury, having determined that plaintiff was guilty of fifty percent of the entire negligence causing the injury, fixed the amount of the award after having taken this fact into consideration and intended that plaintiff recover the amount so fixed, without this amount being reduced by the court.

The contention of plaintiff was clearly supported by eleven of the jurors, each of whom stated emphatically that, in arriving at the award, he or she took into consideration the contributory negligence of plaintiff, and that it was his or her understanding, and he or she so intended, that plaintiff should receive, without diminution, the entire amount fixed in the verdict.

The twelfth juror was somewhat confused on being interrogated concerning the verdict, and did not appear to have a clear concept of the problem before the court. Before arriving at a decision on the motion, the court instructed the court reporter to prepare for the use of the court a transcript of the stenographic notes taken by him on the examination of this juror.

The court has carefully examined the transcript and has determined that the juror reached two conclusions relative to the problem at hand. First, he determined that the plaintiff was partly to blame for the accident. After this determination, he agreed to the award of $87,500. At several places in his testimony the juror stated that he did not take plaintiff's negligence into consideration when arriving at a decision to join the others in the award. At other times, however, he testified that all jurors agreed to the award of $87,500; that he was not concerned that the award would be reduced by the court; and that it did not make any difference with him what the court or plaintiff would do with the money.

The record reflects that before the jury was called upon to fix the amount of damages, the jury found that plaintiff was guilty of negligence which contributed to his injury and fixed his contribution to the entire negligence at fifty percent. After this determination had been made, the jury was required to determine the amount which would "ful-

ly compensate [plaintiff] for the damages suffered by him because of his injury". Prior to instructing the jury with regard to its duty to answer the interrogatories set forth in the special verdict, the court instructed the jury with reference to the effect any negligence of plaintiff which contributed to his injury would have on the damages which plaintiff could recover. The court said in its charge: ". . . [a]nd if you further believe from the evidence that the negligence of [plaintiff], if any, proximately contributed to the accident and to the injuries sustained by him, then you must reduce such damages as you find by a preponderance of the evidence to have been sustained by [plaintiff] in such proportion as the negligence attributable to him bears to the entire negligence involved."

The court did not, at any time, inform the jury that the damages fixed by it in its response to Interrogatory No. 4 would be reduced by the court by the percentage of contributory negligence attributable to plaintiff, as determined by the jury in its answer to Interrogatory No. 2.

It is entirely plausible that the jury understood, on the basis of the entire charge, that, in arriving at the amount of the award, it should reduce plaintiff's damages because of his contributory negligence and that the amount fixed by it in its answer to Interrogatory No. 4 would be the amount which plaintiff would recover from defendant on account of his injuries.

The court concludes that the charge was not sufficient to inform the jury with clarity that the amount to be fixed by the jury in answer to Interrogatory No. 4, should be determined without regard to plaintiff's contributory negligence.

The court has two alternatives. The court can amend the judgment to provide for a recovery of $87,500, or the court can set the verdict aside and order a new trial on the issue of damages alone.

The nature and extent of plaintiff's injuries are such that it is quite probable that a new jury may award plaintiff a much larger amount than did the original jury.

The court cannot allow the judgment to stand in the face of this record. In an effort to render complete justice to both parties, the court has determined that the equitable and correct course to pursue is to sustain the motion and amend the judgment.

Accordingly, an amended judgment will be entered granting plaintiff a recovery of $87,500.